UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BARBARA URBAN,**

    **Plaintiff,**

VS.                                                                                          Case No.:

**TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR SALES USA, INC.;
TOYOTA MOTOR ENGINEERING &
MANUFACTURING NORTH AMERICA, INC.;
TOYOTA MOTOR NORTH AMERICA, INC.**

    **Defendants.**
_____/

**DEFENDANT TOYOTA MOTOR NORTH AMERICA, INC.'S
<u>NOTICE OF REMOVAL</u>**

To:    The Judges of the United States District Court
        Middle District of Florida

Defendant Toyota Motor North America, Inc. ("TMNA") gives notice of removal to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, of the case styled *Barbara Urban v. Toyota Motor Corporation; Toyota Motor Sales USA, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; Toyota North America, Inc.,* Case No. *23000065CAAXMX*, filed in the Fifth Judicial Circuit in and for Hernando County, Florida. As grounds for this removal, TMNA states:

    1.    This product liability and personal injury action arises out of an alleged October 29, 2019 incident in Hernando County, Florida. Plaintiff filed her

Complaint on January 20, 2023 in the Fifth Judicial Circuit in and for Hernando County. A copy of Plaintiff's Complaint and Amended Complaint are attached as composite **Exhibit "A."**

2.   TMNA is one of the four named Defendants in this action. The other three are Toyota Motor Corporation, Toyota Motor Sales USA, Inc. and Toyota Motor Engineering & Manufacturing North America, Inc.; to the best of TMNA's knowledge, none of these parties have been served.

3.   TMNA was served with the Complaint on February 14, 2023.

4.   This action is one over which the Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, because the parties are diverse and the amount in controversy is in excess of $75,000.

## THE PARTIES ARE DIVERSE

5.   At all times material hereto, Plaintiff was a Florida citizen of, and domiciled in, the state of Florida.

6.   According to Plaintiff's Complaint, she "is a resident of Hernando, County, Florida." (Comp. ¶ 2).

7.   In response to TMNA's Request for Admissions Plaintiff admitted to being domiciled in Florida currently as well as at the time she filed the above-mentioned lawsuit. Copies of TMNA's Requests for Admissions and Clarifying

Interrogatories and Plaintiff's response to TMNA's Requests for Admissions are attached as composite **Exhibit "B."**

8. As alleged in paragraph 3(d) of Plaintiff's Complaint, TMNA is a Texas citizen; it is incorporated under the laws of Texas and has a principal place of business in Texas. A printout from the Florida Division of Corporations website is attached to this Notice as **Exhibit "C."**

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. Notwithstanding that Plaintiff's Complaint merely provides this matter is an "action for damages in excess of $50,000" (Comp. ¶ 1), it further states Plaintiff sustained "serious, permanent injuries and scarring" as a result of the alleged subject incident (Comp. ¶ 6) and she alleged her injuries have resulted in "pain, suffering, permanent disfigurement and scarring, loss of income, loss of earning capacity and loss of enjoyment of life." (Comp. ¶ 7)

10. On May 19, 2023, Plaintiff filed responses to TMNA's Requests for Admissions and Clarifying Interrogatories. Plaintiff admitted she is seeking damages in an amount in excess of $75,000.00, exclusive of interest and costs. (RFA ¶ 1)

11. On June 10, 2023, Plaintiff served responses to Defendants First Set of Interrogatories, which stated the following regarding the injuries Plaintiff alleges she

sustained as a result of the subject incident in Plaintiff's answer to Interrogatory No.4:

> My left leg was broken; my pinkie toe on my left foot was detached; multiple injuries to inner thighs of both legs including severe, long-lasting, unresolved, painful hematomas, general traumatization to entire body; and bulging discs to multiple lumbar bones in the spine (including new disc injuries and exacerbation of prior disc conditions). All of these injuries are permanent. The injuries resulted in permanent pain to legs, hips, back and buttocks. I have had to use a mechanical scooter and walker to assist in ambulating. My ability to ambulate safely and easily has been compromised.

Copies of Plaintiff's Answers to Defendants First Set of Interrogatories and Defendant Toyota Motor North America, Inc.'s First Set of Interrogatories to Plaintiff Barbara Urban are attached as composite **Exhibit "D."**

12. Plaintiff further relayed in her answer to Interrogatory No. 12 that she was given disability rating of approximately 73% in March of 2023. *Id.*

13. Where a plaintiff makes an unspecified demand for damages in state court, the Defendant is only required to establish the jurisdictional amount by a preponderance of the evidence standard. *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1348 (S.D. Fla. 2009) ("Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount of controversy by a preponderance of the evidence.") The inquiry is not the amount a plaintiff is "likely to recover," but rather it is "an estimate of how much will be put at issue during the litigation." *Dewitte v. Foremost Insurance Company,* 171 F. Supp. 3d 1288, 1290 (M.D. Fla. March 17, 2016) *citing S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 745

F.3d 1312, 1315 (11th Cir. 2014). A district court may also apply its judicial experience and common sense when determining whether a claim meets the amount-in-controversy requirement.

## JURISDICTION

14. Because this Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, this case is one that may be removed to this Court pursuant to 28 U.S.C. Section 1441.

## PLEADINGS

15. The state court docket and copies of all other process, pleadings, orders and papers or exhibits of every kind on file in the state court are attached to this Notice as composite **Exhibit "E."** 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

16. Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal has been filed timely and without waiver by TMNA. It has been less than one year since the commencement of this action on January 20, 2023. Further, this Notice of Removal has been filed within 30 days after TMNA first ascertained the case was removable on May 19, 2023, after Plaintiff admitted in her response to TMNA's Requests for Admissions and Clarifying Interrogatories she is seeking more than $75,000.

## **VENUE**

17.     Venue properly rests in the Tampa Division of the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. Section 1441(a) and Local Rule 1.02(3), because this action is being removed from the state court where it was originally filed in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida.

18.     TMNA will file with the Clerk of the Court for the Ninth Judicial Circuit in and for Hernando County, Florida a Notice of Filing Notice of Removal pursuant to 28 U.S.C. Section 1446(d), and will give written notice thereof to all adverse parties.  A copy of said Notice is attached as **Exhibit "F."**

WHEREFORE, Defendant Toyota Motor North America, Inc. respectfully request this Court to assume jurisdiction of the above-described action now pending in the Fifth Judicial Circuit in and for Hernando County, Florida, pursuant to 28 U.S.C. Sections 1332 and 1441.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  13th  day of June, 2023 I electronically filed Defendant Toyota Motor North America, Inc.'s Notice of Removal with the Clerk of Court by using the CM/ECF system and e-mailed the foregoing to the following:

Robert Snow, Esq.
Robert Bruce Snow, P.A.
112 North Orange Avenue
Brooksville, FL 34601
law@rbsnowlaw.com,
bsnow@rbsnowlaw.com,
kseltzer@rbsnowlaw.com
Florida Bar No.: 134742
**(Counsel for Plaintiff)**

/s/ Robert L. Blank
Robert L. Blank, B.C.S.
Florida Bar No. 0948497
E-mail:  rblanksecy@rumberger.com (primary) and docketingtpa@rumberger.com (secondary)
ASSITA TOURE
Florida Bar No. 1018992
Email: atoure@rumberger.com (primary) and atouresecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL
A Professional Association
100 North Tampa Street, Suite 2000
Post Office Box 3390
Tampa, Florida  33601-3390
Telephone:  (813) 223-4253
Telecopier:  (813) 221-4752

*Attorneys for Toyota Motor North America, Inc.*

18040902.v1